**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:25-MJ-521 |
| RAFAEL ALBERTO TREJO, | |
| *Defendant*. | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Christopher Giblin, being duly sworn, depose and state as follows:

**BACKGROUND**

1.      I am a Detective Sergeant with the United States Park Police (USPP) and have been employed by the USPP since 2008. I am currently assigned to the Homeland Security Division, Intelligence and Counterterrorism Branch, and I am the Criminal Gang Intelligence Supervisor. As a federal agent, I am authorized to investigate violations of the laws of the United States, including criminal violations of the Virginia Code, the Code of Federal Regulations, and Title 18 of the United States Code.

2.      This affidavit is submitted in support of a criminal complaint charging that, on or about August 29, 2025, on the George Washington Memorial Parkway, within the special maritime and territorial jurisdiction of the United States, in the Eastern District of Virginia, RAFAEL ALBERTO TREJO, hereinafter referred to as TREJO, forcibly assaulted, resisted, opposed, impeded, or interfered with federal law enforcement officers while they were engaged in the performance of official duties, in violation of 18 U.S.C. § 111(a)(1); drove a vehicle in a willful and wanton disregard of a visible and audible signal from a law enforcement officer to stop, in an

attempt to escape or elude such law enforcement officer, in violation of 18 U.S.C. § 13, assimilating Virginia Code § 46.2-817(A); and drove a vehicle on a highway in a reckless manner so as to endanger the life, limb, or property of a person, in violation of 36 C.F.R. § 4.2, adopting Virginia Code § 46.2-852.

3.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers, witnesses, and/or agencies. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to law enforcement concerning this investigation. Rather, I have set forth only the facts necessary to establish probable cause for the requested complaint.

**SUMMARY OF PROBABLE CAUSE**

4.    On August 29, 2025, I was conducting patrol in the area of southbound George Washington Memorial Parkway near the USPP District Two Station in McLean, Virginia. I was accompanied by U.S. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Officers Felix Zamot and Jared Kovacic. At approximately 7:55 a.m., I saw a white van bearing Maryland license plates traveling at a high rate of speed, weaving in and out of traffic lanes, and passing traffic in what appeared to be a reckless manner. At that time, I activated my patrol vehicle's lights and sirens and initiated a traffic stop.

5.    Upon stopping the vehicle, I made contact with the driver and identified him as TREJO by his Maryland driver license, which he provided. Officer Zamot then began speaking with TREJO to determine his immigration status, but TREJO repeatedly ignored Officer Zamot's inquiries. Officer Zamot ordered TREJO to exit the vehicle to continue the investigation. TREJO ignored Officer Zamot and rolled up his vehicle's window. Again, Officer Zamot verbally ordered

TREJO to exit the vehicle, but TREJO refused to comply.

6.      After multiple verbal attempts to get TREJO to exit the vehicle, which TREJO ignored, Officer Zamot broke the driver's side window in TREJO's vehicle, with the goal of unlocking and opening the driver side door in order to remove TREJO. Upon the window being broken, TREJO shifted his car into "Drive" and accelerated away from the traffic stop.

7.      After TREJO fled, I reentered my patrol vehicle, initiated pursuit, and activated my patrol vehicle's lights and sirens. Additionally, I notified USPP dispatch of the pursuit, and the pursuit was approved by the shift commander. TREJO did not stop his vehicle upon active pursuit.

8.      TREJO proceeded southbound on the George Washington Memorial Parkway at speeds between approximately 15 to 50 miles per hour. The posted speed limit in that area is 40 miles per hour. TREJO traveled through an active one lane construction zone that started near Route 123 and continued to Spout Run Parkway. The construction zone spanned approximately four miles, and the pursuit continued through the entire zone. Construction workers and equipment were present along the pursuit path as TREJO drove through the area. Construction workers in the median and on the road moved out of the way in order to avoid TREJO's vehicle and the pursuit.

9.      As TREJO's vehicle neared the end of the construction zone by Sprout Run Parkway, traffic congestion caused a near standstill of vehicles, and TREJO became stuck.

10.     After TREJO's vehicle stopped behind the traffic, I exited my patrol vehicle with Officer Kovacic and with Officer Zamot following shortly thereafter. The officers ordered TREJO out of the vehicle, but he did not comply. TREJO kept the vehicle doors locked and refused multiple officer orders.

11.     Officers then unlocked the driver side door of TREJO's vehicle and attempted to remove him from the vehicle. TREJO physically struggled and resisted officers' attempts to

3

remove him, which caused Officer Zamot and me to sustain lacerations from the broken glass that was present. After much effort, we removed TREJO from the vehicle and placed him under arrest. I sustained lacerations to my left hand and right elbow. Officer Zamot sustained a deep laceration to his left thumb and was transported to the hospital where he received medical treatment.

12.    The total approximate length of the pursuit was 5.3 miles. TREJO was not advised that he was free to leave the scene at any point during the initial stop, second stop, or pursuit.

## CONCLUSION

13.    Based upon the above information, I respectfully submit that there is probable cause to believe that TREJO forcibly assaulted, resisted, opposed, impeded, or interfered with federal law enforcement officers while they were engaged in the performance of official duties, in violation of 18 U.S.C. § 111(a)(1); drove a vehicle in a willful and wanton disregard of a visible and audible signal from a law enforcement officer to stop, in an attempt to escape or elude such law enforcement officer, in violation of 18 U.S.C. § 13, assimilating Virginia Code § 46.2-817(A); and drove a vehicle on a highway in a reckless manner so as to endanger the life, limb, or property of a person, in violation of 36 C.F.R. § 4.2, adopting Virginia Code § 46.2-852.

Respectfully submitted,

Detective Sergeant Christopher Giblin
United States Park Police

Subscribed and sworn in accordance with Fed. R. Crim. P. 4.1
by telephone on August 30, 2025:

Honorable William E. Fitzpatrick
United States Magistrate Judge
Alexandria, Virginia

4